UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VERNON MARCUS COLEMAN**,

    Plaintiff,

                                Case No. 2:19-cv-12324

v.

                                Honorable Terrence G. Berg

**VICTORIA A. ROBERTS**,       Honorable Patricia T. Morris

    Defendant.

_____/

**ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYING THE FEES OR COSTS [ECF No. 2] AND DISMISSING THE COMPLAINT [ECF No. 1] WITHOUT <u>PREJUDICE</u>**

Plaintiff Vernon Marcus Coleman, an inmate at the Federal Correctional Institution in Jesup, Georgia, recently filed an application to proceed without prepaying fees or costs and a *pro se* civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendant is United States District Judge Victoria A. Roberts. The complaint alleges that Judge Roberts perpetrated a fraud on the court and violated Coleman's constitutional rights by making false statements about the allegations that Coleman made in one of his previous civil rights complaints.

Coleman seeks money damages and an injunction barring Judge Roberts from adjudicating his cases.

As noted, Coleman seeks to pursue his claims against Judge Roberts without prepaying the filing fee. Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). But, as the Supreme Court explained in *Coleman*,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g)). An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he three strikes rule is not an affirmative defense that must be raised in the pleadings." *Harris v. New York*, 607 F.3d 18, 23 (2d Cir. 2010). Therefore, "a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." *Id.*; *see also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (dismissing the prisoner's complaint *sua sponte* under 28 U.S.C. § 1915(g)).

A review of Coleman's litigation history in federal court reveals that more than three of his previous complaints were dismissed as frivolous, malicious, or for failure to state a claim. *See Coleman v. Johansene*, No. 2:19-cv-11237 (E.D. Mich. July 2, 2019), *appeal filed*, No. 19-1811 (6th Cir. July 24, 2019); *Coleman v. Rubinc, et al.*, No. 2:19-cv-11209 (E.D. Mich. June 27, 2019); *Coleman v. Northville Forensic Laboratory, et al.*, No. 2:19-cv-11197 (E.D. Mich. June 11, 2019); *Coleman v. Bucciarellir*, No. 2:19-cv-10630 (E.D. Mich. Apr. 18, 2019), *appeal filed*, No. 19-1868 (6th Cir. Aug. 6, 2019); and *Coleman v. Johansene*, No. 2:19-cv-10572 (E.D. Mich. Apr. 18, 2019), *appeal filed*, No. 19-1873 (6th Cir. Aug. 7, 2019).

Although some of Coleman's previous cases were dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), the dismissal of a complaint for failure to state a claim based on *Heck* is a "strike" under § 1915(g). *In re Jones*, 652 F.3d 36, 37 and 38 (collecting cases) (D.C. Cir. 2011). An additional case was dismissed under the doctrine of *res judicata*. That case also counts as a strike. *Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008); *Walker v. Page*, 59 F. App'x 896, 900 (7th Cir. 2003). Furthermore, Coleman has not demonstrated that he is in imminent danger of serious physical injury.

Accordingly, **IT IS HEREBY ORDERED** that Coleman's application to proceed without prepaying the fees or costs for this action (ECF No. 2) is **DENIED**, and the complaint (ECF No. 1) is summarily dismissed without prejudice under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated: October 18, 2019

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge