UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VERNON MARCUS COLEMAN**, Plaintiff, v. **VICTORIA A. ROBERTS**, Defendant. | 2:19-cv-12324 HON. TERRENCE G. BERG **OPINION AND ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION (ECF NO. 5)** |

## I. INTRODUCTION

In 2019, plaintiff Vernon Marcus Coleman filed an application to proceed without prepaying fees or costs and a *pro se* civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF Nos. 1 and 2.) At the time, Coleman was confined at the Federal Correctional Institution in Jesup, Georgia. (ECF No. 1, PageID.2)[1] He named the Honorable Victoria A. Roberts as the sole defendant, claiming that Judge Roberts perpetrated a fraud on the court and violated his constitutional rights by making false statements about allegations Coleman made in one of his previous civil

---

[1] Electronic records maintained by the Federal Bureau of Prisons indicate that Coleman was released from custody on May 4, 2020. *See* https://www.bop.gov/inmateloc/ (register number 61180-019) (last accessed August 13, 2020).

rights complaints.  He sought money damages and an injunction barring Judge Roberts from adjudicating his cases.

On October 18, 2019, the Court denied Coleman's application to proceed without prepaying the fees or costs for this action and dismissed his complaint without prejudice.  (ECF No. 4.)  The Court noted that more than three of Coleman's previous cases were dismissed as frivolous, malicious, or for failure to state a claim and that Coleman had failed to show he was in imminent danger of serious physical injury when he filed his complaint.   The Court concluded that, under the "three strikes" provision of 28 U.S.C. § 1915(g),[2] Coleman was not permitted to proceed without prepaying the filing fee.  *Id.*, PageID.16-18

Now before the Court is Plaintiff's motion to alter, amend, or vacate the Court's order dismissing his complaint.  For reasons given below, Coleman is not entitled to the requested relief.  Accordingly, the Court will deny his motion.

---

[2]  Section 1915(g) reads as follows:

**(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## II.  DISCUSSION

Coleman brings his motion under Federal Rule of Civil Procedure 59(e), which simply states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Coleman filed his motion in a timely manner on November 5, 2019.

Nevertheless, the Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).   This standard is consistent with the "palpable defect" standard found in this District's Local Rules.  *Id.*  Under Local Rule 7.1, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

### A.  Notice and Opportunity to Pay

Coleman argued first in his motion that the Court erred by not providing him with notice of his "strikes" and an opportunity to pay the

filing fee before dismissing his case.  (ECF No. 5, PageID.19.)  But, as the Court pointed out in its previous order, a district court may *sua sponte* dismiss a prisoner's lawsuit under § 1915(g).   *Harris v. New York*, 607 F.3d 18, 23 (2d Cir. 2010); *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997).

Moreover, the proper procedure was to dismiss the complaint without prejudice when the Court denied Coleman leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  A "prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he *initiates* the suit." *Id.* (emphasis in original).   The Court therefore rejects Coleman's first argument.

## B.  Dismissals without Prejudice

Coleman argued next in his motion that the Court should not have counted his previous cases as "strikes" under § 1915(g) because they were dismissed without prejudice.  (ECF No. 5, PageID.20.)  Four of the cases, however, were dismissed without prejudice for failure to state a claim,[3] and the Supreme Court recently held that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."

---

[3]    *See Coleman v. Rubinc, et al.*, No. 2:19-cv-11209 (E.D. Mich. June 27, 2019); *Coleman v. Northville Forensic Laboratory, et al.*, No. 2:19-cv-11197 (E.D. Mich. June 11, 2019); *Coleman v. Bucciarellir*, No. 2:19-cv-10630 (E.D. Mich. Apr. 18, 2019); and *Coleman v. Johansene*, No. 2:19-cv-10572 (E.D. Mich.  Apr. 18, 2019).

*Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020). Thus, Coleman's second argument fails.

### C. Whether Coleman was a Prisoner

Finally, Coleman argued that he was not a prisoner and, therefore, the Court should not have applied § 1915(g) to his case. As used in § 1915, however, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

The Court recognizes that someone who has been released from custody is not a "prisoner" within the meaning of § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). But Coleman admitted in his motion that he was an inmate and "in custody for violation of supervised release." (ECF No. 5, PageID.20.)

Supervised release and parole are similar. *United States v. Johnson,* 356 F. App'x 785, 791 (6th Cir. 2009); *accord United States v. Meeks*, 25 F.3d 1117, 1121 (2d Cir. 1994) (stating that "supervised release is essentially similar to parole"), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000); *United States v. Paskow*, 11 F.3d 873, 881 (9th Cir. 1993) (explaining that "[s]upervised release and parole

are virtually identical systems"). It follows that a violation of supervised release is like a violation of parole. Therefore, Coleman fit within the definition of a prisoner in § 1915, because he was incarcerated in a federal facility after being convicted of, or sentenced for, violating the conditions of supervised release, which is comparable to violating the conditions of parole. The Court rejects Coleman's final argument.

### III.  CONCLUSION

Coleman has failed to show that the Court made a palpable error by dismissing his complaint under § 1915(g). Coleman also has not shown that altering, amending, or vacating the Court's dispositive opinion is necessary to prevent manifest injustice.

Accordingly, **IT IS HEREBY ORDERED** that Coleman's motion under Federal Rule of Civil Procedure 59(e) (ECF No. 5) is **DENIED**.

DATED: September 10, 2020.

> BY THE COURT:
>
> /s/Terrence G. Berg
> TERRENCE G. BERG
> United States District Judge